# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE CHARLES BENJAMIN, JR., : | |
| : | Civil No. 3:19-cv-0126 |
| Petitioner : | |
| : | (Judge Munley) |
| v. : | |
| : | |
| DR. RICHARD MARSH, SUPT., *et al.*, : | |
| Respondents : | |

## MEMORANDUM

George Charles Benjamin, Jr. ("Benjamin"), a Pennsylvania state inmate, initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on January 22, 2019, seeking relief from his 2010 sentence of 40 months to 10 years' imprisonment, entered in the Court of Common Pleas of Lebanon County on January 27, 2010. (Doc. 1; Doc. 4-1, p.2). Because it appeared that the petition may be barred by the statute of limitations, in accordance with United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005 (*en banc*), on February 5, 2019, the Court directed the parties to address the timeliness of the petition and any applicable statutory and/or equitable tolling of the statute of limitations. (Doc. 3). Respondents filed a timely Response on February 15, 2019, seeking dismissal of the petition as untimely. (Doc. 4). Benjamin has not responded to the Order. For the reasons set forth below, the petition will be dismissed as untimely.

I. **Background**

On December 30, 2009, Benjamin pled guilty to Possession with the Intent to Deliver a Controlled Substance and related offenses. (Doc. 4-1, p. 2). As noted *supra*, the state court sentenced him to 40 months to 10 years' imprisonment on January 27, 2010. (Doc. 4-6). He did not pursue a direct appeal.

On July 13, 2011, he filed a "motion for time credit" which the trial court denied on the same date. (Doc. 4-3, p. 10). On December 1, 2011, he filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46 seeking credit for time served. (Doc. 4-7). The Commonwealth sought to dismiss the petition as untimely. (Doc. 4-8). On January 2, 2012, the PCRA court notified Benjamin of its intent to dismiss the petition and afforded him twenty days to respond. (Doc. 4-9). Benjamin did not respond. On August 10, 2012, the PCRA court dismissed the petition. (Doc. 4-11). Benjamin did not appeal the dismissal.

Benjamin commenced the instant action on January 22, 2019.

II. **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the AEDPA. See 28 U.S.C. § 2244(d)(1). Specifically, a state

prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Benjamin was sentenced on January 27, 2010. He failed to file a direct appeal. Consequently, his judgment became final on February 26, 2010, the date on which his thirty day window to appeal his judgment closed. The one-year period for the statute of limitations commenced running as of that date and expired one year later. Hence, the federal petition, which was filed on January 22, 2019, is manifestly untimely.

Significantly, the limitation period is not "an inflexible rule requiring dismissal whenever AEDPA's one-year clock has run." Day v. McDonough, 547 U.S. 198, 208

(2006). "Instead, the limitation period is subject to both statutory and equitable tolling." Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 85 (3d Cir. 2013).

        1.      Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on February 26, 2010, and expired on February 26, 2011. Benjamin's PCRA petition, filed on December 1, 2011, failed to toll the statute because the limitations period had already expired. A PCRA petition does not toll an expired statute of limitations. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia,* "the limitations period had already run when it was filed"). Even had the petition operated to toll the statute, it would still be untimely. The PCRA petition was dismissed on August 10, 2012. Benjamin waited more than six years to pursue relief in federal court.

        2.      Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v.

Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Benjamin failed to diligently pursue his rights throughout the state court proceedings and allowed more than six years to elapse before pursuing relief in federal court. Clearly, he failed to exercise reasonable diligence throughout the limitations period. In addition to failing to demonstrate the exercise of reasonable diligence in bringing his federal

petition, he fails to demonstrate that extraordinary circumstances obstructed his pursuit of relief in either state or federal court. There is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum, or that he was misled by the court regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III.     Conclusion

Based on the foregoing, the petition will be dismissed as untimely.

### IV.     Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, no COA will issue.

The Court will enter an appropriate Order.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

**Dated:** May 28, 2019